MARTÍNEZ, PLAINTIFF AND APPELLEE, *v.* CEREZO, DEFENDANT AND APPELLANT.

APPEAL from the District Court of Aguadilla in an Action for Rescission of Contract.

No. 1627.—Decided July 26, 1917.

CONTRACT—LEASE—RESCISSION OF CONTRACT—CONSIDERATION—EVIDENCE.—When in an action to rescind a contract of lease entered into by the plaintiff and defendant, mother and son respectively, for lack of consideration, the de-

fendant, relying on section 1243 of the Civil Code, pleads that the considera-
tion was a different one, namely; the payment of a mortgage on the leased
property, it devolves upon him to prove this fact. In the present case the
court held that there was no proof of the existence of a complete contract
and that lack of consideration was proved at the trial.

ID.—ID.—JUDICIAL NOTICE—PREJUDICIAL ERROR.—In considering a civil action
for the rescission of a contract the court has no right to take judicial no-
tice of the record of a criminal prosecution against the defendant to prove
his trial and conviction of a crime if the record was not introduced in evi-
dence at the trial, but the consideration of such evidence by the court is
not prejudicial error sufficient to justify a reversal of the judgment if
the defendant in his testimony referred to such criminal action.

The facts are stated in the opinion.

*Mr. Juan de Guzmán Benítez* for the appellant.

*Messrs. Reichard & Reichard* for the appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

There was evidence tending to prove in this case all the averments of the complaint, as follows:

"1. That the plaintiff is more than eighty years old and is illiterate; that her son, the defendant, is of age, and that both are residents of the municipality of Aguadilla and have capacity to sue and be sued.

"2. That in the partition of the estate of her deceased husband the following-described property was conveyed to her in fee:

" 'A rural property situated in Palmer ward of Aguadilla, composed of 126.50 *cuerdas* of land; bounded on the north by properties of Mariano García and the Succession of Nicasio Conti; on the south by property of Juan Ammell, now belonging to the Sucrerie Centrale Coloso; on the east by property of Cristina Martínez, a part of which now belongs to the Sucrerie Centrale Coloso; on the west by properties of Antonio Rivera, Emiliano Loperena and Félix Benítez, now belonging to Ceferino Valle, Juan Reyes Acevedo, José Rivera and the Sucrerie Centrale Coloso, crossed from east to west by the highway from this city to Moca and containing a dwelling-house.'

"3. That by a deed of the 30th of last December, executed before Notary Juan García Ducós and recorded in the registry of property of the district at page 148 of volume 27 of this municipality, the plaintiff segregated from the above-described property the following parcel:

" 'A farm situated in Palmer ward of Aguadilla composed of

42 *cuerdas* of land; bounded on the north by land of Cristina Martínez; on the south by land of Juan· Ammell, now belonging to the Sucrerie Centrale Coloso; on the east by land of Cristina Martínez, now belonging to the Sucrerie Centrale Coloso, by· other land of which the plaintiff has the usufruct and her children the 'naked ownership; on the west by lands of the Sucrerie Centrale Coloso, José Rivera, Juan Reyes Acevedo and Ceferino Valle, formerly belonging to Antonio Rivera, Emiliano Loperena and Félix Benítez, crossed from east to west by the highway from Aguadilla to Moca and containing a dwelling-house.'

"4. That by the said instrument the parcel first described was leased by the plaintiff to her son, the defendant, according to the following agreement:

" 'A. The term of the lease is ten years, counting from the date of the contract, or to expire on December 31, 1925.

" 'B. The rent is $2,100 for the entire term, and the lessor acknowledges the receipt of that sum from the lessee.

" 'C. The lessee will cultivate the land according to the use and custom of a good farmer.

" 'D. At the expiration of the contract the lessee will be paid in full for the growing crops and the improvements made by him upon the leased property.

" 'E. Any question which may arise under the said contract will be submitted to the courts of Aguadilla.'

"5. Although it is stated in the said deed that the plaintiff had received $2,100 as the rent for the ten years of the lease, the defendant never paid the plaintiff the said· sum, nor any other· sum, as rent, or for anything else.

"6. That the plaintiff executed the said lease at the instance of her son, the defendant, with whom she was living, she following his advice and instructions because he had great influence over her and she had much affection for him, and because he was the youngest and most unfortunate of her children; and under such moral influence she was persuaded by him to enter into the contract of lease, without consideration, under the promise of her son, the defendant, that the interests of the plaintiff would be thus protected against persons who were trying to take advantage of her, and that he would cultivate the farm, allow the plaintiff to live with him and attend to all her necessities.

·'7. That as soon as the defendant obtained the said simulated lease from the plaintiff he ceased to· furnish her ·the least necessities

for her subsistence, putting her out of her house on the property
described in paragraph 3, in which she lived with the defendant,
and leaving her in the greatest distress and misery; for the land
leased is the only part of her property described in paragraph 2
which contains good and productive land, its rental value being not
less than $500 yearly.

"In view of the foregoing, the plaintiff prays the court that
after due process of law it render judgment in her favor and against
the defendant, sustaining this complaint; adjudging that the deed
of lease referred to in paragraph 3 is null and void; ordering that
the record of the said lease in the registry of property of the dis-
trict be canceled; ordering that the plaintiff be restored to the pos-
session, use and enjoyment of the parcel of 42 *cuerdas* of land be-
longing to her and described in paragraph 3; and imposing the
costs, expenses and attorney's fee upon the defendant, with such
other relief as may be meet."

The theory of the answer was that the defendant had
paid a mortgage on the land described of $1,300 owing by
his mother. Appellant in his brief insists that although the
exact consideration cannot be proved it is sufficient to prove
another one, citing to this effect section 1243 of the Civil
Code. Implicitly, there is an admission that the consideration
was different from the one expressed in the contract; hence
the burden was on the appellant to show the existence of the
mortgage and its payment by him. There is proof that the
mortgage did in fact exist; but as the complainant on the
stand denied having received anything, we deduce from the
proof that the amount of the mortgage was in reality a sum
of money due and owing from the defendant to a certain
Aniceto Ceide. The latter took the stand and an inspection
of his testimony shows that all his dealings were with the
defendant; that the money for the mortgage was turned
over to the defendant; and that the witness and defendant
continued to have *refacción* contracts together. If a little
deduction be necessary, we have no hesitation in arriving at
the conclusion that in canceling the mortgage the defendant
was canceling a debt of his own and not that of his mother,

and that no consideration on this account passed from him
to her for the execution of the lease. As we have said, the
burden was on him to show the existence of a consideration
and this he failed to do to the satisfaction of the court below
or of ourselves.

A good part of the argument of the appellant is to the
effect that the appellee voluntarily entered into the contract
aware of all the conditions and that she wanted to lease the
said land to her said son. The answer of the appellant shows,
however, that he was not insisting on anything like a gift or
a donation, but on the existence of a real contract between
himself and his mother, which we find denied by the facts.
There was proof in the case to show that when the lease was
first presented to his mother for execution she refused to
enter into it; however only on the ground that the term of
it was too long. Then ample proof follows that she was per-
suaded or threatened into signing the lease under conditions
which tended to support the theory of the complaint that
no consideration passed to her.

We find that there is no proof of the existence of a com-
plete contract and we think the trial showed the lack of a
consideration.

We agree with the appellant that the court had no right
to take judicial notice of any part of the trial and conviction
of the defendant and appellant for a crime which was not
proved or suggested at the trial in this case. The court had
no right to go to its records to extend the proof without
notice to the appellant, even supposing such proof were rele-
vant. But the appellant himself testified to the fact of his
trial and conviction of a crime, although not with all the
details that the court in its opinion set forth. We do not
find such prejudicial error as would cause a reversal.

We agree with the appellant that the opinion of the court
goes into matters of intimidation and fraud in a way that

was not entirely justified by the complaint. So much is this so that if we were not satisfied that the lack of consideration was proved, we should have serious doubts of the judgment. The opinion, however, is not the judgment; and we find that, although the court weighed matters that were not clearly called for by the complaint, there is enough in the proof— all practically admitted without objection—to convince us that there was no consideration for the alleged contract. The introduction of evidence showing the threatening and dis- agreeable attitude of the son with regard to this lease helped to prove the lack of consideration. The struggle in the court below was largely over matters of intimidation and fraud, which were admissible as tending to show that these things, and not a real consideration, caused the execution of the contract.

The court, we find, weighed the proof from the stand- point of such lack of consideration. This is evidenced by the citation of sections 1228, 1242, 1244 and 1245 of the Civil Code, all relating to the question of consideration. It is true that the court cites sections 1234, 1236 and 1237 of the same code relating to fraud and intimidation. Therefore the case of *Rosado v. Rosado,* 17 P. R. R. 447, is of peculiar ap- plication. There the complaint contained vague insinuations of fraud and undue influence, somewhat as the complaint here contains insinuations, rather than averments, of fraud and intimidation, but this court held that the efforts of the plaintiff (p. 452) should be confined to the want of consider- ation, as we do in this case.

The judgment must be

*Affirmed.*

Chief Justice Hernández and Justices del Toro, Aldrey and Hutchison concurred.